UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:22-cv-269-MOC

| | | |
|---|---|---|
| **WAYCASTER TIRE SERVICE, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| | ) | **ORDER** |
| **UNITED COMMUNITY BANK,  et al.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

THIS MATTER is before the Court on a Motion to Dismiss for Failure to State a Claim or Alternatively Transfer Venue, filed by Defendants First Data Merchant Services, LLC, and Fiserv, Inc., pursuant to Rules 12(b)(6) and Rule 12(b)(3) of the Federal Rules of Civil Procedure, (Doc. No. 7), and on a Motion to Dismiss, filed by Defendant United Community Bank, (Doc. No. 8).[1]

## I.    BACKGROUND

This action arises out of alleged misrepresentations and inactions by Defendants in response to Plaintiff's direct inquiries about the validity of certain credit card transactions. Plaintiff is a small, locally owned, tire retail business in Henderson County, North Carolina. (Doc. No. 1 ¶ 8). Plaintiff holds a business checking account with Defendant United Community Bank ("UCB") and applied for financial transaction card processing services through UCB, ultimately resulting in Defendants First Data Merchant Services ("FDMS") and Fiserv serving as processors and customer support for Plaintiff's business's merchant services. (Id. ¶ 12). Plaintiff

---

[1] In its own motion, Defendant United Community Bank states that it joins in and incorporates by reference the legal arguments made by Fiserv and First Data in their motion.

alleges that Defendants were negligent in allowing certain fraudulent credit card transactions to be processed through USB, which required thousands of dollars to be charged back to Plaintiff.

Defendants have filed a motion to dismiss, arguing that Plaintiff fails to state a claim against Defendants for negligence and negligent misrepresentation. Defendants seek, alternatively, that this action be transferred to the Southern District of Mississippi, pursuant to a Merchant Agreement signed by Plaintiff, which contained a mandatory forum selection clause, stating: "All of the parties hereto, whether or not actually signatories to this document, agree that the exclusive venue for any and all proceedings relating to this agreement shall be the courts located in the State of Mississippi."[2] (Doc. No. 7-2 at 14, Merchant Agmt. § 3.18(E)). Plaintiff has filed a Response, and Defendants have filed Replies. (Doc. Nos. 10, 13, 14).

## II.    STANDARD OF REVIEW

"[A] motion to dismiss based on a forum-selection clause should be properly treated under Rule 12(b)(3) as a motion to dismiss on the basis of improper venue." Turfworthy, LLC v. Dr. Karl Wetekam & Co. KG, 26 F. Supp. 3d 496, 502 (M.D.N.C. 2014) (citations omitted). "When an objection to venue has been raised under Rule 12(b)(3), the burden lies with the plaintiff to establish that venue is proper in the judicial district in which the plaintiff has brought the action." Id. (citing Plant Genetic Sys. v. Ciba Seeds, 933 F. Supp. 519, 526 (M.D.N.C. 1996)). "In considering a motion to dismiss under Rule 12(b)(3) for improper venue, 'the court is permitted to consider evidence outside the pleadings. A plaintiff is obliged, however, to make

---

[2] According to an affidavit submitted by David French, Vice President, Assistant General Counsel at Fiserv, Fiserve is the ultimate parent corporation of FDMS. (Doc. No. 7-2, French Aff.). FDMS is the successor in interest to the rights and obligations of BluePay Processing, LLC, formerly known as Bridgeway Payment Systems, LLC ("Bridgeway") in the Merchant Processing Agreement, which was originally among Bridgeway, Chesapeake Bank Corporation, and Plaintiff Waycaster Tire Service, Inc. Plaintiff does not dispute that Plaintiff signed the Merchant Agreement and is therefore bound to its terms and conditions.

only a prima facie showing of proper venue in order to survive a motion to dismiss. In assessing whether there has been a prima facie venue showing, we view the facts in the light most favorable to the plaintiff.'" Id.

## III.   DISCUSSION

28 U.S.C. § 1404(a) states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." (emphasis added). Here, pursuant to the forum selection clause in the Merchant Agreement, the parties agreed to litigate in Mississippi. (Merchant Agmt. § 3.18(E)).

The Supreme Court has recognized that contractual forum selection clauses are presumptively enforceable. Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 589 (1991); M/S BREMEN v. Zapata Off-Shore Co., 407 U.S. 1, 12 (1972). "When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause." Atl. Marine Constr. Co. v. United States Dist. Ct., 571 U.S. 49, 62 (2013). "Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." Id.

In the presence of a valid forum selection clause, courts should give no weight to the plaintiff's choice of forum. Id. at 63. "[A]s the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." Id. Plaintiff bears this burden because the plaintiff has effectively exercised its venue privilege before the dispute arises through the forum selection clause agreement. Garrett v. MD Rehab, LLC, No. 3:16CV765, 2016 WL 7478975, at *3 (W.D.N.C. Dec. 29, 2016) (citing Atl. Marine Constr. Co., 571 U.S. at 63–64).

In applying Atlantic Marine, the Court must evaluate whether the forum selection clause is applicable to the claims at issue, valid, and mandatory. True Homes LLC v. Clayton Homes, Inc., No. 318CV00345KDBDCK, 2020 WL 4432849, at *2 (W.D.N.C. July 31, 2020). The Court finds that all three criteria are satisfied in this case. First, the forum selection clause is applicable to the claims at issue. Forum selection clauses apply not only to contract claims but also to contract-related tort claims. Tracy v. Loram Maint. of Way, Inc., No. 5:10-CV-102-RLV, 2011 WL 2791257, at *4 (W.D.N.C. July 14, 2011) (collecting various cases and noting that "District courts in the Fourth Circuit have applied the Fourth Circuit's analysis in valid 'choice of law' provisions to forum selection clauses, holding that contract-related tort claims are subject to a valid forum selection clause.") (citing SeaCast of Carolinas, Inc. v. Premise Networks, Inc., No. 4:09-cv-00186-RBH, 2009 WL 5214314, at *3 (D.S.C. Dec. 28, 2009)); Varsity Gold, Inc. v. Cron, No. 5:08-CV-81-BO, 2008 WL 4831418, at *2 (E.D.N.C. Nov. 5, 2008) (finding a forum selection clause applicable to "contract-related" tort claims). "[P]leading alternate non-contractual theories is not alone enough to avoid a forum selection clause if the claims asserted arise out of the contractual relation and implicate the contract's terms." Belfiore v. Summit Fed. Credit Union, 452 F. Supp. 2d 629, 632 (D. Md. 2006). Here, the tort claims of negligence and negligent misrepresentation are clearly contract-related claims.

Moreover, the fact that Fiserv is not a signatory to the Merchant Agreement does not render the clause inapplicable to Fiserv. Adams v. Raintree Vacation Exch., LLC, 702 F.3d 436, 440 (7th Cir. 2012) (interpreting reach of a forum selection clause by analogizing it to "the parallel situation of an arbitration clause" and holding non-signatory could enforce forum selection); Brantley v. Republic Mortgage Ins. Co., 424 F.3d 392, 395–96 (4th Cir. 2005) (holding non-signatory could enforce arbitration clause against party to contract). Courts

routinely hold that foreclosing non-parties from enforcing these provisions would render them essentially meaningless by allowing a signatory to evade the contractual forum selection clause through artful pleading and the omission of key parties. See Adams, 702 F.3d at 441; Brantley, 424 F.3d at 396.

The Court further finds that the language of the forum selection clause in the Merchant Agreement is valid and mandatory because it states that "the exclusive venue for any and all proceedings relating to this agreement shall be the courts located in the State of Mississippi." (Doc. No. 7-2 at 14; Merchant Agmt. § 3.18(E) (emphasis added)). See, e.g., Sharpe v. Ally Fin., Inc., No. 3:17CV189-GCM, 2017 WL 5078900, at *2 (W.D.N.C. Nov. 3, 2017) (finding a forum selection clause to be clearly mandatory when it contained the terms "exclusive" and "shall be brought only").

The presumption of enforceability that forum selection provisions enjoy is rebuttable but can only be overcome by a clear showing that they are "unreasonable under the circumstances." M/S Bremen, 407 U.S. at 10, 17 (also noting that the party arguing the forum selection clause is inapplicable "should bear a heavy burden of proof"). "Choice of forum and law provisions may be found unreasonable if (1) their formation was induced by fraud or overreaching; (2) the complaining party 'will for all practical purposes be deprived of his day in court' because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4) their enforcement would contravene a strong public policy of the forum state." Allen v. Lloyd's of London, 94 F.3d 923, 928 (4th Cir. 1996).

Here, Plaintiff has not met the heavy burden of showing that enforcing the forum selection clause would be unreasonable. That is, Plaintiff has not shown that the formation of the

forum selection clause was induced by fraud or overreaching, that Plaintiff will for all practical purposes be deprived of Plaintiff's day in court because of the grave inconvenience or unfairness of the selected forum, or that the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy. Certainly, it will be inconvenient for Plaintiff to litigate its claims in Mississippi. However, the parties' private interests should not be considered, as the parties "waive[d] the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." Atl. Marine Constr. Co., 571 U.S. at 64.

As to whether enforcement would contravene a strong public policy of the forum state, Plaintiff argues that enforcement of the forum selection clause would run afoul of the public policy of North Carolina as set forth in N.C. Gen. Stat. § 22B-3. This Court has made it clear that this statute is only one of many factors to consider when a court evaluates the reasonableness of a forum selection clause. Scholl v. Sagon RV Supercenter, LLC, 249 F.R.D. 230, 241–42 (W.D.N.C. 2008) ("[Each of the District Courts in North Carolina] have consistently found that [...] the North Carolina statute is not dispositive as to the enforceability of a forum selection clause."); Peltier v. Mathis, No. 1:15CV133, 2016 WL 4386091, at *6 (W.D.N.C. June 23, 2016) (explaining that the "enactment of Section 22B-3, however, does not otherwise render the freely negotiated forum selection clause unenforceable in this Court"), report and recommendation adopted sub nom. Peltier v. Gregory Mathis a.n.d Syndicated Prods., Inc., No. 1:15-CV-00133-MOC-DLH, 2016 WL 4411510 (W.D.N.C. Aug. 16, 2016). See also Tauss v. Jevremovic, No. 5:15-CV-00148-RLV-DSC, 2016 WL 4374046, at *3 (W.D.N.C. Aug. 12, 2016) ("Courts within North Carolina have enforced forum selection clauses notwithstanding this statute.") (citing cases). The Fourth Circuit has held the same in a case involving a similar South Carolina statute.

See Albemarle Corp. v. Astrazeneca UK Ltd., 628 F.3d 643, 645 (4th Cir. 2010); see also Allen, 94 F.3d at 928 (enforcing the forum-selection clause in a case even though it violated public policy). In sum, Plaintiff has not met the heavy burden of showing that enforcing the forum selection clause would be unreasonable in this case. Therefore, the Court will grant Defendants' alternative motion to transfer this action.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that the forum selection clause Agreement is mandatory and enforceable against all parties in this action. The Court will, therefore, transfer this action to the Southern District of Mississippi.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendants' Motions to Dismiss or Alternatively to Transfer Venue, (Doc. Nos. 7, 8), are **GRANTED** to the extent that this matter is transferred to the U.S. District Court for the Southern District of Mississippi. The Clerk of Court shall terminate this action once it has been transferred.

Signed: March 28, 2023

Max O. Cogburn Jr.
United States District Judge