UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

WAYCASTER TIRE SERVICE, INC.                                              PLAINTIFF

V.                                         CIVIL ACTION NO. 3:23-CV-218-KHJ-MTP

UNITED COMMUNITY BANK, et al.                                          DEFENDANTS

ORDER

Before the Court are Defendants First Data Merchant Services LLC and Fiserv, Inc.'s joint [33] Motion to Dismiss and Defendant United Community Bank's [35] Motion to Dismiss. The Court denies both motions without prejudice.

Plaintiff Waycaster Tire Service, Inc. (Waycaster) is a retail tire business in North Carolina. Am. Compl. [32] ¶¶ 8, 10. It maintained a commercial banking account with United Community Bank (United) and utilized credit card processing services provided by First Data Merchant Services LLC (First Data) and Fiserv, Inc. *Id.* ¶¶ 9, 11–12. This case arises from United, First Data, and Fiserv's alleged failure to verify transactions. Waycaster specifically challenges three fraudulent credit card transactions that occurred in December 2021.

Waycaster originally sued First Data, Fiserv, and United in a North Carolina state court, alleging negligent misrepresentation and negligence. *See* Compl. [1-1] ¶¶ 55–78. Defendants removed to federal court in North Carolina. Notice of Removal [1]. That court enforced a forum-selection clause in the Merchant

Agreement between Waycaster and First Data and transferred the case to this Court. Order [17] at 7.

Defendants then moved to dismiss for failure to state a claim. *See* [29]. The Court granted Waycaster leave to amend its complaint to add state-law claims against all Defendants for promissory estoppel, breach of an oral contract, and violations of the Mississippi Consumer Protection Act. *See* [32] ¶¶ 79–95. Defendants re-urged their motions under Rule 12(b)(6) to dismiss the Amended Complaint. *See* [33]; [35].

This Court must first determine which state's substantive law—Mississippi or North Carolina—governs each claim against each Defendant. The parties' motion-to-dismiss briefing does little to help the Court make that determination.

Defendants First Data and Fiserv note a choice-of-law provision[1] in the Merchant Agreement between First Data and Waycaster but rely equally on case law from both states in conducting their Rule 12(b)(6) analysis. *See* Supp. Mem. [34] at 9 n.4 (quoting [33-2] § 3.18(E)); *id.* at 15 n.8 ("North Carolina does not recognize a claim for promissory estoppel in this context."); *id.* at 20–21 (devoting entire section of briefing to a North Carolina case). United joins these legal arguments and relies equally on case law from both states. *See* Supp. Mem. [36] at 5–8. But United also attaches and relies on its own agreement with Waycaster, which contains a choice-of-law provision in favor of North Carolina. *See id.* at 7 (arguing Deposit Agreement

---

[1] The choice-of-law provision states: "This Agreement shall be governed and construed exclusively in accordance with the laws of the State of Mississippi without reference to its conflicts of laws rules." [33-2] § 3.18(E).

2

preempts Waycaster's claims); Deposit Agreement [44-3] at 3 ("This agreement is subject to . . . the laws of the state of North Carolina . . . .").

Waycaster, in turn, extensively addresses one of the North Carolina cases Defendants cite, attempts to distinguish it, and argues Mississippi law governs all its claims against all the Defendants. *See* Opp. Mem. [40] at 5 ("Defendants' arguments are supported mostly by case law outside this state and circuit."); *id.* at 8–10 & n.2. But Waycaster's argument that its "independent tort claims" arise from duties owed independent of any contractual relationship, *see, e.g., id.* at 5, contradicts the notion that the narrow choice-of-law provision in the Merchant Agreement encompasses any tort claims. *See Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 726 (5th Cir. 2003); *Cypress Pharms., Inc. v. CRS Mgmt., Inc.*, 827 F. Supp. 2d 710, 721–24 (S.D. Miss. 2011); *Kreger v. Gen. Steel Corp.*, No. 07–575, 2010 WL 2902773, at *12 (E.D. La. July 19, 2010). Further, no party addresses why United—a party with its own written agreement with Waycaster governed by North Carolina law—is bound by the choice-of-law provision in the Merchant Agreement.

This Court has a "core obligation . . . to ascertain which body of substantive law to apply by implementing the choice-of-law rules of its home jurisdiction." *Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 771 (5th Cir. 2016); *see also Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 64–65 (2013). The Court thus DENIES Defendants' motions to dismiss without prejudice to preserve consideration of the merits, by appropriate motion, once all necessary

3

issues have been fully briefed. The parties should address the choice-of-law issues and specifically identify which state's laws govern each claim against each Defendant.

SO ORDERED, this 8th day of March, 2024.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE
